BOND, SCHOENECK & KING, PLLC
Michael P. Collins (MC-0906)
330 Madison Avenue
New York, New York, 10017-5001
(646)253-2300
Attorneys for Defendant International Labor Management Corporation, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE L. SALMERON DE JESUS and
FRANCISCO J. MEDINA-SUAREZ,

                Plaintiffs,

v.

NORTHERN DUTCHESS LANDSCAPING, INC.,
JAMES MEDDAUGH, and INTERNATIONAL
LABOR MANAGEMENT CORPORATION, INC.,

                Defendants.

Civil Action No.:
08 Civ. 2168(KMM)

---

## ANSWER OF DEFENDANT INTERNATIONAL LABOR MANAGEMENT CORPORATION, INC.

1.    Defendant International Labor Management Corporation ("ILMC") denies that it recruited the Plaintiffs or that it has violated any applicable laws. ILMC admits that the Plaintiffs purport to bring their claims against all Defendants based on the causes of action specified. The remainder of the Plaintiffs' allegations in Paragraph 1 do not require a response from ILMC.

2.    ILMC is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2 of the Complaint, and therefore denies the same.

3.    ILMC is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3 of the Complaint, and therefore denies the same.

4.	ILMC admits that the Plaintiffs purport to assert claims under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), on behalf of themselves and those similarly situated. Except as herein admitted, ILMC denies the allegations of Paragraph 4 of the Complaint.

Jurisdiction and Venue

5.	ILMC admits that this Court has jurisdiction over the Plaintiffs' claims on the bases set forth in Paragraph 5 of the Complaint. Except as herein admitted, ILMC denies the allegations of Paragraph 5 of the Complaint.

6.	ILMC admits that this Court has jurisdiction over the Plaintiffs' state-law claims on the bases set forth in Paragraph 6 of the Complaint. Except as herein admitted, ILMC denies the allegations of Paragraph 6 of the Complaint.

7.	ILMC admits that venue is proper in this district on the bases set forth in Paragraph 7 of the Complaint. Except as herein admitted, ILMC denies the allegations of Paragraph 7 of the Complaint.

8.	ILMC admits, upon information and belief, that the Plaintiffs were employed in this district. Except as herein admitted, ILMC denies the allegations of Paragraph 8 of the Complaint.

9.	ILMC admits the allegations of Paragraph 9 of the Complaint upon information and belief.

10.	ILMC admits that it processed paperwork for the Plaintiffs and others so that they could work for Northern Dutchess Landscaping, Inc. ("Dutchess") and/or for James Meddaugh ("Meddaugh") (collectively, "New York Defendants") during the 2004-05 seasons pursuant to the federal H-2A non-immigrant alien agricultural worker program. Except as herein admitted, ILMC denies the allegations of Paragraph 10 of the Complaint.

387904.1

18892.2 5/12/2008

Parties

11.  This allegation does not pertain to ILMC, and therefore no response is required.

12.  ILMC denies the allegations of Paragraph 12 of the Complaint.

13.  This allegation does not pertain to ILMC, and therefore no response is required.

14.  This allegation does not pertain to ILMC, and therefore no response is required.

15.  This allegation does not pertain to ILMC, and therefore no response is required.

16.  This allegation does not pertain to ILMC, and therefore no response is required.

17.  This allegation does not pertain to ILMC, and therefore no response is required.

18.  This allegation does not pertain to ILMC, and therefore no response is required.

19.  This allegation does not pertain to ILMC, and therefore no response is required.

20.  This allegation does not pertain to ILMC, and therefore no response is required.

21.  ILMC admits the allegations of Paragraph 21 of the Complaint.

22.  ILMC admits that it processed paperwork with the United States government that would allow the New York Defendants to procure agricultural workers pursuant to the federal H-2A non-immigrant agricultural labor program during the 2004-05 seasons. ILMC denies that it engaged in any recruitment of workers. ILMC admits that temporary foreign non-agricultural workers are commonly referred to as "H-2B workers" on the grounds specified in Paragraph 22 of the Complaint. Except as herein admitted, ILMC denies the allegations of Paragraph 22 of the Complaint.

23.  ILMC admits that Manpower of the Americas processed paperwork with the Mexican government that would allow the New York Defendants to procure agricultural workers pursuant

to the federal H-2A non-immigrant agricultural labor program during the 2003-05 seasons. Except as herein admitted, ILMC denies the allegations of Paragraph 23 of the Complaint.

24. ILMC denies the allegations of Paragraph 24 of the Complaint.

25. ILMC admits the allegations of Paragraph 25 of the Complaint.

26. ILMC is without information sufficient to form a belief as to the truth or falsity of the allegation regarding where the Plaintiffs actually worked. Except as herein admitted, ILMC denies the allegations of Paragraph 26 of the Complaint.

27. ILMC denies the allegations of Paragraph 27 of the Complaint.

28. ILMC is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28 of the Complaint, and therefore denies the same.

29. This allegation does not pertain to ILMC, and therefore no response is required.

30. This allegation states a legal conclusion, and therefore no response is required.

31. This allegation does not pertain to ILMC, and therefore no response is required.

32. This allegation does not pertain to ILMC, and therefore no response is required.

33. This allegation states a legal conclusion, and therefore no response is required.

34. This allegation does not pertain to ILMC, and therefore no response is required.

Factual Allegations

35. This allegation does not pertain to ILMC, and therefore no response is required.

36. ILMC is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 36 of the Complaint, and therefore denies the same.

37. ILMC is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37 of the Complaint, and therefore denies the same.

38. ILMC is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 38 of the Complaint, and therefore denies the same.

39. ILMC is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 36 of the Complaint, and therefore denies the same.

40. ILMC is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 36 of the Complaint, and therefore denies the same.

41. This allegation does not pertain to ILMC, and therefore no response is required.

42. This allegation does not pertain to ILMC, and therefore no response is required.

43. This allegation does not pertain to ILMC, and therefore no response is required.

44. This allegation does not pertain to ILMC, and therefore no response is required.

45. This allegation does not pertain to ILMC, and therefore no response is required.

46. This allegation does not pertain to ILMC, and therefore no response is required.

47. This allegation does not pertain to ILMC, and therefore no response is required.

48. This allegation does not pertain to ILMC, and therefore no response is required.

49. This allegation does not pertain to ILMC, and therefore no response is required.

50. This allegation does not pertain to ILMC, and therefore no response is required.

51. This allegation does not pertain to ILMC, and therefore no response is required.

52. This allegation does not pertain to ILMC, and therefore no response is required.

53. This allegation does not pertain to ILMC, and therefore no response is required.

54. This allegation does not pertain to ILMC, and therefore no response is required.

55. ILMC denies the allegations of Paragraph 55 of the Complaint.

56. The clearance orders submitted to the U.S. Department of Labor for H-2A positions constitute the best evidence of their provisions, and the Plaintiffs' allegations relating to the same are therefore denied.

57. ILMC admits, upon information and belief, that Meddaugh executed the ETA-750 certifications that were processed by ILMC. Except as herein admitted, ILMC denies the allegations of Paragraph 57 of the Complaint.

58. The clearance orders submitted to the U.S. Department of Labor for H-2A positions constitute the best evidence of their provisions, and the Plaintiffs' allegations relating to the same are therefore denied.

59. The "work contracts" applicable to the Plaintiffs constitute the best evidence of their provisions, and the Plaintiffs' allegations relating to the same are therefore denied.

60. The "contract" applicable to the Plaintiffs constitutes the best evidence of its provisions, and the Plaintiffs' allegations relating to the same are therefore denied.

61. ILMC is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 61 of the Complaint, and therefore denies the same.

62. ILMC is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 62 of the Complaint, and therefore denies the same.

63. This allegation does not pertain to ILMC, and therefore no response is required.

64. This allegation states a legal conclusion, and therefore no response is required.

65. ILMC denies the allegations of Paragraph 65 of the Complaint.

66. This allegation does not pertain to ILMC, and therefore no response is required.

67. ILMC denies the allegations of Paragraph 67 of the Complaint.

387904.1

18892.2 5/12/2008

68. This allegation does not pertain to ILMC, and therefore no response is required.

69. ILMC denies that it was a farm labor contractor and therefore that it had any obligation to hold "valid certificates of farm labor contractor registration." ILMC further denies that Manpower of the Americas is ILMC's agent. Except as specifically denied, ILMC denies the remaining allegations of Paragraph 69 of the Complaint.

70. ILMC denies the allegations of Paragraph 70 of the Complaint.

71. ILMC denies that it violated any laws of the state of New York. The remaining allegations of Paragraph 71 do not pertain to ILMC, and therefore no response is required.

72. This allegation does not pertain to ILMC, and therefore no response is required.

73. This allegation does not pertain to ILMC, and therefore no response is required.

74. This allegation does not pertain to ILMC, and therefore no response is required.

75. This allegation does not pertain to ILMC, and therefore no response is required.

76. This allegation does not pertain to ILMC, and therefore no response is required.

77. This allegation does not pertain to ILMC, and therefore no response is required.

78. This allegation does not pertain to ILMC, and therefore no response is required.

79. This allegation does not pertain to ILMC, and therefore no response is required.

80. This allegation does not pertain to ILMC, and therefore no response is required.

81. This allegation does not pertain to ILMC, and therefore no response is required.

82. This allegation does not pertain to ILMC, and therefore no response is required.

83. This allegation does not pertain to ILMC, and therefore no response is required.

84. This allegation does not pertain to ILMC, and therefore no response is required.

85. This allegation does not pertain to ILMC, and therefore no response is required.

387904.1

18892.2 5/12/2008

86. This allegation does not pertain to ILMC, and therefore no response is required.

87. This allegation does not pertain to ILMC, and therefore no response is required.

88. This allegation does not pertain to ILMC, and therefore no response is required.

89. This allegation does not pertain to ILMC, and therefore no response is required.

90. This allegation does not pertain to ILMC, and therefore no response is required.

91. This allegation does not pertain to ILMC, and therefore no response is required.

92. ILMC acknowledges that the specified notice has been given. Except as herein admitted, ILMC denies the allegations of Paragraph 92 of the Commplaint.

93. This allegation states a legal conclusion, and therefore no response is required.

94. This allegation states a legal conclusion, and therefore no response is required.

95. This allegation states a legal conclusion, and therefore no response is required.

96. ILMC denies that it directly or indirectly recruited the Plaintiffs as specified in Paragraph 96 of the Complaint. The remaining allegations of Paragraph 96 of the Complaint do not pertain to ILMC, and therefore no response is required.

97. This allegation does not pertain to ILMC, and therefore no response is required.

98. This allegation does not pertain to ILMC, and therefore no response is required.

99. This allegation states a legal conclusion, and therefore no response is required.

100. This allegation does not pertain to ILMC, and therefore no response is required.

101. This allegation does not pertain to ILMC, and therefore no response is required.

102. This allegation does not pertain to ILMC, and therefore no response is required.

103. This allegation does not pertain to ILMC, and therefore no response is required.

387904.1

18892.2 5/12/2008

Causes of Action

I.  Fair Labor Standards Act (Representative Action Claim Against New York Defendants)

104.  ILMC incorporates by reference its answers to Paragraphs 1-103 of the Complaint as if fully set forth herein.

105.  This allegation does not pertain to ILMC, and therefore no response is required.

106.  This allegation does not pertain to ILMC, and therefore no response is required.

107.  This allegation does not pertain to ILMC, and therefore no response is required.

108.  This allegation does not pertain to ILMC, and therefore no response is required.

109.  This allegation does not pertain to ILMC, and therefore no response is required.

110.  This allegation does not pertain to ILMC, and therefore no response is required.

111.  This allegation does not pertain to ILMC, and therefore no response is required.

II.  Migrant and Seasonal Agricultural Worker Protection Act (Against New York Defendants and ILMC)

112.  ILMC incorporates by reference its answers to Paragraphs 1-111 of the Complaint as if fully set forth herein.

113.  This allegation does not pertain to ILMC, and therefore no response is required.

114.  ILMC denies the allegations of Paragraph 114 of the Complaint.

115.  ILMC denies the allegations of Paragraph 114 of the Complaint.

116.  ILMC denies the allegations of Paragraph 114 of the Complaint.

117.  ILMC denies the allegations of Paragraph 114 of the Complaint.

III.   New York Labor Law (Against New York Defendants)

118.   ILMC incorporates by reference its answers to Paragraphs 1-117 of the Complaint as if fully set forth herein.

119.   This allegation does not pertain to ILMC, and therefore no response is required.

120.   This allegation does not pertain to ILMC, and therefore no response is required.

121.   This allegation does not pertain to ILMC, and therefore no response is required.

122.   This allegation does not pertain to ILMC, and therefore no response is required.

123.   This allegation does not pertain to ILMC, and therefore no response is required.

124.   This allegation does not pertain to ILMC, and therefore no response is required.

125.   This allegation does not pertain to ILMC, and therefore no response is required.

126.   This allegation does not pertain to ILMC, and therefore no response is required.

IV.   New York Contract Law (Against New York Defendants)

127.   ILMC incorporates by reference its answers to Paragraphs 1-126 of the Complaint as if fully set forth herein.

128.   This allegation does not pertain to ILMC, and therefore no response is required.

129.   This allegation does not pertain to ILMC, and therefore no response is required.

130.   This allegation does not pertain to ILMC, and therefore no response is required.

V.   Promissory Estoppel (Against New York Defendants)

131.   ILMC incorporates by reference its answers to Paragraphs 1-130 of the Complaint as if fully set forth herein.

132.   This allegation does not pertain to ILMC, and therefore no response is required.

133.   This allegation does not pertain to ILMC, and therefore no response is required.

VI.     Unjust Enrichment (Against New York Defendants)

134.    ILMC incorporates by reference its answers to Paragraphs 1-133 of the Complaint as if fully set forth herein.

135.    This allegation does not pertain to ILMC, and therefore no response is required.

136.    This allegation does not pertain to ILMC, and therefore no response is required.

137.    This allegation does not pertain to ILMC, and therefore no response is required.

VII.    Quantum Meruit (Against New York Defendants)

138.    ILMC incorporates by reference its answers to Paragraphs 1-137 of the Complaint as if fully set forth herein.

139.    This allegation does not pertain to ILMC, and therefore no response is required.

140.    This allegation does not pertain to ILMC, and therefore no response is required.

WHEREFORE, ILMC, having fully answered the Complaint of the Plaintiffs as it pertains to ILMC, herein sets forth its AFFIRMATIVE DEFENSES:

## FIRST DEFENSE

The Complaint fails to state claims against ILMC for which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

All claims against ILMC should be dismissed because ILMC was never an employer of the Plaintiffs at any time.

## THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute(s) of limitations to the extent that their claims are predicated upon events occurring outside the relevant period(s)

11

of limitations.

## FOURTH DEFENSE

Plaintiffs' claims are barred to the extent that the doctrine of unclean hands, estoppel, laches and/or waiver are applicable to the facts of this case.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

## SIXTH DEFENSE

To the extent that any of the Plaintiffs' claims under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") were filed outside the applicable statute of limitations, such claims should be dismissed.

## SEVENTH DEFENSE

To the extent any of the state law claims accrued outside of New York State and are pursued by a nonresident of New York, the provisions of CPLR §202 would govern and the shorter limitations period would be applicable to any such claims.

## EIGHTH DEFENSE

If the facts, as determined at trial, reveal that any of the Plaintiffs reported to any of the Defendants that they had been correctly and fully paid for all time worked, they should be estopped from recovering on any claim of uncompensated wages.

## NINTH DEFENSE

ILMC will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such other affirmative and

additional defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## PRAYER FOR RELIEF

ILMC, having fully answered the allegations of the Complaint and set forth its Affirmative Defenses, hereby asks the Court for the following relief:

1. That the Plaintiffs' Complaint be dismissed in its entirety;

2. That the Plaintiffs have and recover nothing of ILMC;

3. That ILMC be awarded its costs in this action, including reasonable attorneys' fees; and

4. That ILMC be awarded such other relief as this Court may deem just and proper.

Dated: New York, New York
May 12, 2008

BOND, SCHOENECK & KING, PLLC

By:   s/Michael P. Collins
         Michael P. Collins (MC-0906)
Attorneys for Defendant
Labor Management Corporation, Inc.
330 Madison Avenue, 39th Floor
New York, New York  10017-5001
Telephone:  (646) 253-2300
Facsimile:  (646) 253-2301
E-mail:  mcollins@bsk.com

Of Counsel:

W. R. Loftis, Jr.
Robin Shea
Costangy, Brooks & Smith, LLC
100 N. Cherry Street, Suite 300
Winston-Salem, NC  27101
Telephone:  (336) 721-1001
Facsimile:  (336) 748-9112