**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JACKSON LEWIS LLP
    One North Broadway, 15th Floor
    White Plains, New York 10601
    (914) 328-0404
    Jonathan M. Kozak (JK 9619)
    *Attorneys for Defendants Northern Dutchess*
    *Landscaping Inc. and James Meddaugh*

------------------------------------------------x

JOSÉ L. SALMERÓN-DE JESÚS AND
FRANCISCO J. MEDINA-SUÁREZ,

                         Plaintiffs,

       -against-                             Case No. 08 Civ. 2168 (KMK)

NORTHERN DUTCHESS LANDSCAPING
INC., JAMES MEDDAUGH, AND
INTERNATIONAL LABOR
MANAGEMENT CORPORATION, INC.,

                         Defendants.

------------------------------------------------x

## DEFENDANTS NORTHERN DUTCHESS LANDSCAPING, INC.'S AND JAMES MEDDAUGH'S ANSWER TO PLAINTIFFS' COMPLAINT

        Defendants Northern Dutchess Landscaping Inc. ("Defendant NDL") and James

Meddaugh ("Defendant Meddaugh") (collectively "Defendants"), by and through their attorneys,

Jackson Lewis LLP, for their Answer to the Plaintiff's Complaint herein states as follows:

### AS TO "PRELIMINARY STATEMENT"

        1.      Defendants deny the allegation contained in Paragraph 1 of the Complaint,

except admit that Plaintiffs purport to bring: (a) an action for alleged violations of the Fair Labor

Standards Act ("FLSA"), the Migrant and Seasonal Worker Protection Act ("MSWPA" referred

to throughout the Complaint as the "AWPA") and the New York Labor Law; and (b) claims

under common law for breach of contract, promissory estoppels, unjust enrichment and quantum meruit.

        2.      Defendants deny the allegation contained in Paragraph 2 of the Complaint.

        3.      Defendants deny the allegation contained in Paragraph 3 of the Complaint.

        4.      Defendants deny the allegation contained in Paragraph 4 of the Complaint, except admit Plaintiffs purport to bring claims under the FLSA on behalf of themselves and others they alleged to be similarly situated.

## AS TO "JURISDICTION AND VENUE"

        5.      Defendants deny the allegation contained in Paragraph 5 of the Complaint, except admit Plaintiffs purport this Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 29 U.S.C. §216(b), 29 U.S.C. §1854(a), 28 U.S.C. §§ 1331 and 1337 and admit Plaintiff purports this Court is empowered to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

        6.      Defendants deny the allegation contained in Paragraph 6 of the Complaint, except admit Plaintiffs purport this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

        7.      Defendants deny the allegation contained in Paragraph 7 of the Complaint, except admit Plaintiffs purport venue is proper in this district pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §1854(a).

        8.      Defendants deny the allegation contained in Paragraph 8 of the Complaint.

        9.      Defendants admit the allegation contained in Paragraph 9 of the Complaint.

10.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 10 of the Complaint.

## AS TO "PARTIES"

11.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 11 of the Complaint, except admit that Defendant NDL employed Plaintiffs during certain time periods.

12.    Defendants deny the allegation contained in Paragraph 12 of the Complaint, except state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

13.    Defendants admit the allegation contained in Paragraph 13 of the Complaint.

14.    Defendants deny the allegation contained in Paragraph 14 of the Complaint, except admit that Defendant Meddaugh has an ownership interest in Defendant NDL, and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

15.    Defendants deny the allegation contained in Paragraph 15 of the Complaint, except admit that Defendant NDL employed Plaintiffs during certain time periods, and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

16.    Defendants deny the allegation contained in Paragraph 16 of the Complaint, except admit that Defendant NDL employed Plaintiffs during certain time periods, and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

17.    Defendants deny the allegation contained in Paragraph 17 of the Complaint, except state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

18.    Defendants deny the allegation contained in Paragraph 18 of the Complaint, except admit that Defendant NDL employed Plaintiffs during certain time periods, and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

19.    Defendants deny the allegation contained in Paragraph 19 of the Complaint, except admit that Defendant NDL employed Plaintiffs during certain time periods, and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

20.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 20 of the Complaint, except state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

21.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 21 of the Complaint.

22.    Defendants deny the allegation contained in Paragraph 22 of the Complaint, except admit that at certain times, Defendant NDL utilized the services of Defendant International Labor Management Corporation, Inc. ("Defendant ILMC") to refer individuals to work in Defendant NDL's landscaping business, and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

23.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 23 of the Complaint, and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 24 of the Complaint, and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

25.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegation contained in Paragraph 26 of the Complaint, and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

27.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 27 of the Complaint.

28.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 28 of the Complaint, except assert that Mexican law neither governs nor applies to the instant matter and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

29.     Defendants deny the allegation contained in Paragraph 29 of the Complaint, except assert that Mexican law neither governs nor applies to the instant matter and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

30.     Defendants deny the allegation contained in Paragraph 30 of the Complaint, except assert that Mexican law neither governs nor applies to the instant matter and

state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

31.    Defendants deny the allegation contained in Paragraph 31 of the Complaint, except admit that Defendant NDL employed Plaintiffs during certain time periods.

32.    Defendants deny the allegation contained in Paragraph 32 of the Complaint, except assert that Mexican law neither governs nor applies to the instant matter and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

33.    Defendants deny the allegation contained in Paragraph 33 of the Complaint, except assert that Mexican law neither governs nor applies to the instant matter and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

34.    Defendants deny the allegation contained in Paragraph 34 of the Complaint, except admit that Defendant NDL employed Plaintiffs during certain time periods.

## AS TO "FACTUAL ALLEGATIONS"

35.    Defendants deny the allegation contained in Paragraph 35 of the Complaint, except admit that Defendant NDL is engaged in a landscaping business and that it owns a nursery incidental to its landscaping business.

36.    Defendants deny the allegation contained in Paragraph 36 of the Complaint, except admit that Defendant NDL employed Plaintiff Jose L. Salmeron-De Jesus during certain time periods.

37. Defendants deny the allegation contained in Paragraph 37 of the Complaint, except admit that Defendant NDL employed Plaintiff Francisco J. Medina-Suarez during certain time periods.

38. Defendants deny the allegation contained in Paragraph 38 of the Complaint, except admit that Defendant NDL employed Plaintiffs in its landscaping business, and that Plaintiff Jose Lino Salmeron De Jesus may have, on very rare occasion, done limited non-landscaping work.

39. Defendants deny the allegation contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegation contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegation contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegation contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegation contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegation contained in Paragraph 44 of the Complaint and refer Plaintiffs to Paragraph 43 of Defendants' Answer, except state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

45. Defendants deny the allegation contained in Paragraph 45 of the Complaint.

46.     Defendants deny the allegation contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegation contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegation contained in Paragraph 48 of the Complaint.

49.     Defendants deny the allegation contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegation contained in Paragraph 50 of the Complaint.

51.     Defendants deny the allegation contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegation contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegation contained in Paragraph 53 of the Complaint and refer Plaintiffs to Paragraphs 51 and 52 of Defendants' Answer.

54.     Defendants deny the allegation contained in Paragraph 54 of the Complaint.

55.     Defendants deny the allegation contained in Paragraph 55 of the Complaint, except state that to the extent the allegation constitutes a conclusion of law, no response is required thereto:

      a.     Defendants deny the allegation contained in Paragraph 55(a) of the Complaint, except state that to the extent the allegation constitutes

a conclusion of law, no response is required thereto; to the extent the allegation in this subparagraph refers to a document, Defendants respectfully refer the Court to the referenced document for its contents.

b.     Defendants deny the allegation contained in Paragraph 55(b) of the Complaint, except state that to the extent the allegation constitutes a conclusion of law, no response is required thereto; to the extent the allegation in this subparagraph refers to a document, Defendants respectfully refer the Court to the referenced document for its contents.

c.     Defendants deny the allegation contained in Paragraph 55(c) of the Complaint, except state that to the extent the allegation constitutes a conclusion of law, no response is required thereto; to the extent the allegation in this subparagraph refers to a document, Defendants respectfully refer the Court to the referenced document for its contents.

56.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 56 of the Complaint, except state that to the extent the allegation constitutes a conclusion of law, no response is required thereto.

a.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 56(a) of the Complaint, except state that to the extent the allegation constitutes a conclusion of law, no response is required thereto; to

the extent the allegation in this subparagraph refers to a document, Defendants respectfully refer the Court to the referenced document for its contents.

b.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 56(a) of the Complaint, except state that to the extent the allegation constitutes a conclusion of law, no response is required thereto; to the extent the allegation in this subparagraph refers to a document, Defendants respectfully refer the Court to the referenced document for its contents.

57.    Defendants deny the allegation contained in Paragraph 57 of the Complaint and respectfully refer the Court to the document referenced in Paragraph 57 of the Complaint for its contents.

58.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 58 of the Complaint, except state that to the extent the allegation constitutes a conclusion of law, no response is required thereto. In addition, to the extent the allegation in this paragraph refers to a document, Defendants respectfully refer the Court to the referenced document for its contents.

59.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 59 of the Complaint, except state that to the extent the allegation constitutes a conclusion of law, no response is required thereto. In addition, to the extent the allegation in this paragraph refers to a document, Defendants respectfully refer the Court to the referenced document for its contents.

60.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 60 of the Complaint, except state that to the extent the allegation in this paragraph refers to a document, Defendants respectfully refer the Court to the referenced document for its contents.

61.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 61 of the Complaint.

       a.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 61(a) of the Complaint.

       b.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 61(b) of the Complaint.

       c.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 61(c) of the Complaint.

       d.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 61(d) of the Complaint.

       e.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 61(e) of the Complaint.

f.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 61(f) of the Complaint.

62.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 62 of the Complaint.

a.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 62(a) of the Complaint.

b.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 62(b) of the Complaint.

c.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 62(c) of the Complaint.

63.   Defendants deny the allegation contained in Paragraph 63 of the Complaint, except state that to the extent these allegation constitutes a conclusion of law, no response is required thereto.

64.   Defendants deny the allegation contained in Paragraph 64 of the Complaint, except assert that Mexican law neither governs nor applies to the instant matter and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

65.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 65 of the Complaint.

66.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 66 of the Complaint.

67.    Defendants deny the allegation contained in Paragraph 67 of the Complaint.

68.    Defendants deny the allegation contained in Paragraph 68 of the Complaint.

69.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 69 of the Complaint.

70.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 70 of the Complaint.

71.    Defendants deny the allegation contained in Paragraph 71 of the Complaint.

72.    Defendants deny the allegation contained in Paragraph 72 of the Complaint.

73.    Defendants deny the allegation contained in Paragraph 73 of the Complaint.

74.    Defendants deny the allegation contained in Paragraph 74 of the Complaint.

75.    Defendants deny the allegation contained in Paragraph 75 of the Complaint.

76.    Defendants deny the allegation contained in Paragraph 76 of the Complaint, except admit the Plaintiffs resided, at certain times during their employment with Defendant NDL, in trailers located on Defendant NDL's property.

77.    Defendants deny the allegation contained in Paragraph 77 of the Complaint.

78.    Defendants deny the allegation contained in Paragraph 78 of the Complaint.

79.    Defendants deny the allegation contained in Paragraph 79 of the Complaint.

80.    Defendants deny the allegation contained in Paragraph 80 of the Complaint.

81.    Defendants deny the allegation contained in Paragraph 81 of the Complaint.

82.    Defendants deny the allegation contained in Paragraph 82 of the Complaint.

83.    Defendants deny the allegation contained in Paragraph 83 of the Complaint.

84.    Defendants deny the allegation contained in Paragraph 84 of the Complaint, except admit that Plaintiffs were employed at certain times by Defendant NDL, and that Defendant Meddaugh, on occasion, managed or supervised the work activities of Plaintiffs and the employees of Defendant NDL.

85.    Defendants deny the allegation contained in Paragraph 85 of the Complaint, except admit that Plaintiffs were employed at certain times by Defendant NDL, and that Defendant Meddaugh, on occasion, managed or supervised the work activities of Plaintiffs and the employees of Defendant NDL.

86.    Defendant Meddaugh admits the allegation contained in Paragraph 86 of the Complaint.

87.    Defendant Meddaugh admits the allegation contained in Paragraph 87 of the Complaint.

88.    Defendants deny the allegation contained in Paragraph 88 of the Complaint, except admit that Defendant Meddaugh managed the day-to-day business of Defendant NDL.

89.    Defendants deny the allegation contained in Paragraph 89 of the Complaint, except admit that Defendant Meddaugh managed the day-to-day business of Defendant NDL.

90.    Defendants deny the allegation contained in Paragraph 90 of the Complaint.

91.    Defendants deny the allegation contained in Paragraph 91 of the Complaint, except state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

92.    Defendants deny the allegation contained in Paragraph 92 of the Complaint, except admit that Plaintiffs purport to provide notice of their intent to raise an issue concerning the law of a foreign country pursuant to Rule 44.1 of the Federal Rules of Civil Procedure.

93.    Defendants deny the allegation contained in Paragraph 93 of the Complaint, except assert that Mexican law neither governs nor applies to the instant matter and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

94.    Defendants deny the allegation contained in Paragraph 94 of the Complaint, except assert that Mexican law neither governs nor applies to the instant matter and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

95.    Defendants deny the allegation contained in Paragraph 95 of the Complaint, except assert that Mexican law neither governs nor applies to the instant matter and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

96.    Defendants deny the allegation contained in Paragraph 96 of the Complaint and assert that Mexican law neither governs nor applies to the instant matter.

97.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 97 of the Complaint and assert that Mexican law neither governs nor applies to the instant matter.

98.    Defendants deny the allegation contained in Paragraph 98 of the Complaint and assert that Mexican law neither governs nor applies to the instant matter.

99.    Defendants deny the allegation contained in Paragraph 99 of the Complaint, except assert that Mexican law neither governs nor applies to the instant matter and state that to the extent this allegation constitutes a conclusion of law, no response is required thereto.

100.    Defendants deny the allegation contained in Paragraph 100 of the Complaint and assert that Mexican law neither governs nor applies to the instant matter.

101.    Defendants deny the allegation contained in Paragraph 101 of the Complaint, except refers the Court to the document referenced therein for its contents.

102.    Defendants deny the allegation contained in Paragraph 102 of the Complaint and assert that Mexican law neither governs nor applies to the instant matter.

103.    Defendants deny the allegation contained in Paragraph 103 of the Complaint.

**AS TO "CAUSES OF ACTION"**

**AS TO "I. FAIR LABOR STANDARDS ACT
(REPRESENTATIVE ACTION CLAIM AGAINST
EMPLOYER DEFENDANTS)"**

104.    Defendants repeat and reallege their responses and denials to Paragraphs "1" through "103" of the Complaint inclusive, as if set forth fully herein in response to Paragraph 104 of the Complaint.

105.    Defendants deny the allegation contained in Paragraph 105 of the Complaint.

106.    Defendants deny the allegation contained in Paragraph 106 of the Complaint.

107.    Defendants deny the allegation contained in Paragraph 107 of the Complaint.

108.    Defendants deny the allegation contained in Paragraph 108 of the Complaint.

109.    Defendants deny the allegation contained in Paragraph 109 of the Complaint.

110.    Defendants deny the allegation contained in Paragraph 110 of the Complaint.

111.    Defendants deny the allegation contained in Paragraph 111 of the Complaint.

## AS TO "II.  MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT (AGAINST EMPLOYER DEFENDANTS AND ILMC)"

112.    Defendants repeat and reallege their responses and denials to Paragraphs "1" through "111" of the Complaint inclusive, as if set forth fully herein in response to Paragraph 112 of the Complaint.

113.    Defendants deny the allegation contained in Paragraph 113 of the Complaint, including:

a.    Defendants deny the allegation contained in Paragraph 113(a) of the Complaint.

b.    Defendants deny the allegation contained in Paragraph 113(b) of the Complaint.

c.    Defendants deny the allegation contained in Paragraph 113(c) of the Complaint.

d.    Defendants deny the allegation contained in Paragraph 113(d) of the Complaint.

e.    Defendants deny the allegation contained in Paragraph 113(e) of the Complaint.

f.    Defendants deny the allegation contained in Paragraph 113(f) of the Complaint.

g.    Defendants deny the allegation contained in Paragraph 113(g) of the Complaint.

h.     Defendants deny the allegation contained in Paragraph 113(h) of the Complaint.

i.      Defendants deny the allegation contained in Paragraph 113(i) of the Complaint.

j.      Defendants deny the allegation contained in Paragraph 113(j) of the Complaint.

k.     Defendants deny the allegation contained in Paragraph 113(k) of the Complaint.

l.      Defendants deny the allegation contained in Paragraph 113(l) of the Complaint.

m.    Defendants deny the allegation contained in Paragraph 113(m) of the Complaint.

114.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 114 of the Complaint, including its subparts.

115.    Defendants deny the allegation contained in Paragraph 115 of the Complaint.

116.    Defendants deny the allegation contained in Paragraph 116 of the Complaint.

117.    Defendants deny the allegation contained in Paragraph 117 of the Complaint.

## AS TO "III.  NEW YORK LABOR LAW (AGAINST EMPLOYER DEFENDANTS)"

118.    Defendants repeat and reallege their responses and denials to Paragraphs "1" through "117" of the Complaint inclusive, as if set forth fully herein in response to Paragraph 118 of the Complaint.

119.    Defendants deny the allegation contained in Paragraph 119 of the Complaint.

120.    Defendants deny the allegation contained in Paragraph 120 of the Complaint.

121.    Defendants deny the allegation contained in Paragraph 121 of the Complaint.

122.    Defendants deny the allegation contained in Paragraph 122 of the Complaint.

123.    Defendants deny the allegation contained in Paragraph 123 of the Complaint.

124.    Defendants deny the allegation contained in Paragraph 124 of the Complaint.

125.    Defendants deny the allegation contained in Paragraph 125 of the Complaint.

126.    Defendants deny the allegation contained in Paragraph 126 of the Complaint.

### AS TO "IV.  NEW YORK CONTRACT LAW (AGAINST EMPLOYER DEFENDANTS)"

127.    Defendants repeat and reallege their responses and denials to Paragraphs "1" through "126" of the Complaint inclusive, as if set forth fully herein in response to Paragraph 127 of the Complaint.

128.    Defendants deny the allegation contained in Paragraph 128 of the Complaint.

129.    Defendants deny the allegation contained in Paragraph 129 of the Complaint.

130.    Defendants deny the allegation contained in Paragraph 130 of the Complaint.

### AS TO "V.  PROMISSORY ESTOPPEL (AGAINST EMPLOYER DEFENDANTS)"

131.    Defendants repeat and reallege their responses and denials to Paragraphs "1" through "130" of the Complaint inclusive, as if set forth fully herein in response to Paragraph 131 of the Complaint.

132.    Defendants deny the allegation contained in Paragraph 132 of the Complaint.

133.    Defendants deny the allegation contained in Paragraph 133 of the Complaint.

### AS TO "VI. UNJUST ENRICHMENT (AGAINST EMPLOYER DEFENDANTS)"

134.    Defendants repeat and reallege its responses in Paragraphs "1" through "133" of the Complaint inclusive, as if set forth fully herein in response to Paragraph 134 of the Complaint.

135.    Defendants deny the allegation contained in Paragraph 135 of the Complaint.

136.    Defendants deny the allegation contained in Paragraph 136 of the Complaint.

137.    Defendants deny the allegation contained in Paragraph 137 of the Complaint.

## AS TO "VII. QUANTUM MERUIT (AGAINST EMPLOYER DEFENDANTS)"

138.    Defendants repeat and reallege their responses and denials to Paragraphs "1" through "137" of the Complaint inclusive, as if set forth fully herein in response to Paragraph 138 of the Complaint.

139.    Defendants deny the allegation contained in Paragraph 139 of the Complaint.

140.    Defendants deny the allegation contained in Paragraph 140 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

141.    Plaintiffs' Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

142.    Plaintiffs' Complaint is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

143.    At all times relevant hereto, Defendants acted in good faith and have not violated any rights which may be secured to Plaintiffs under any foreign, federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

144.    Plaintiffs' claims are barred under the doctrine of accord and satisfaction.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

145.    Plaintiffs were exempt from the overtime and minimum wage provisions of the FLSA or any equivalent New York State or foreign law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

146.    Defendants have fully compensated Plaintiffs for all hours worked.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

147.    Any acts or omissions on the part of Defendants were in good faith, and Defendants had reasonable grounds for believing that any such act or omission was not a violation of foreign law, the FLSA, the MSWPA or New York State Law.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

148.    Plaintiffs' Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, punitive or liquidated damages, or attorneys' fees may be awarded.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

149.    Without admitting that Plaintiffs were subject to the overtime or minimum wage provisions of the FLSA, the MSWPA or any equivalent New York State or foreign law, Plaintiffs were paid properly under all applicable wage and hour laws.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

150.    Plaintiffs are not similarly situated for the purposes of 29 U.S.C. §216(b).

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

151.    Plaintiffs are not an adequate representative of the putative class members.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

152.    Collective Action certification is not appropriate pursuant to Section 216(b) of the Fair Labor Standards Act.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

153.    The Complaint is barred, in whole or in part, because the named Plaintiffs cannot establish that they are similarly situated to potential members of the collective action for the purposes of 29 U.S.C. § 216(b).  Thus, class certification is not appropriate.

## AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

154.    The Complaint is barred, in whole or in part, because the named Plaintiffs have failed to satisfy the statutory prerequisites to proceed collectively under 29 U.S.C. § 216(b).

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

155.    Plaintiffs' claims must be dismissed because Defendants did not breach any agreement they had with Plaintiffs.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

156.    Plaintiffs' claims and demands for relief must be denied, in whole or in part, because Plaintiffs cannot establish a claim under foreign law, the FLSA, the MSWPA or the New York State Labor Law and its governing regulations.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

157.    Plaintiffs' contract claims are barred by the Statute of Frauds.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

158.    Plaintiffs' claims against Defendants are barred, in whole or in part, because no valid contract, verbal or written, express or implied, existed at any time between Plaintiffs and Defendants.

## AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

159.    To the extent any contract or agreement existed between Plaintiffs and Defendants, Defendants' duties and obligations under this contract were discharged by Plaintiffs' breach of said contract.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

160.    Any individual who might have made any alleged promises regarding the terms and conditions of Plaintiffs' employment which allegedly created any contract or limitation upon the Defendants had no authority to bind Defendants.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

161.    Plaintiffs were not engaged in agricultural employment within the meaning of the MSWPA.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

162.    Defendants were not an agricultural employer within the meaning of the MSWPA.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

163.    Neither Plaintiffs nor Defendants are covered by the Mexican Federal Labor Law.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

164.    Mexican law is not applicable to the instant matter.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

165.     Defendants were not "joint-employers" of Plaintiffs with Defendant International Labor Management Corporation, Inc.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

166.     Defendants reserve all other defenses available under the FLSA, the MSWPA, and/or New York State or foreign law.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

167.     Plaintiffs' claims are barred, in whole or in part, by the exclusive remedy provisions of the New York Workers' Compensation Law.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

168.     Defendants reserve the right to amend or add additional affirmative defenses or counter-claims, which may become known during the course of discovery.

WHEREFORE, Defendants respectfully request that this Court:

1.     Dismiss Plaintiffs' Complaint in its entirety and all claims for relief set forth therein, with prejudice;

2.     Deny each and every demand for relief as set forth in Plaintiffs' Complaint;

3.     Award Defendants the reasonable attorneys' fees and costs they incur in defending this action, and

4.     Grant such other and further relief as this Court may find to be just and proper.

Respectfully submitted,

JACKSON LEWIS LLP

One North Broadway, 15th Floor
White Plains, New York 10601
(914) 328-0404
(914) 328-1882 Facsimile

By:    _____
Jonathan M. Kozak (JK 9619)

*Attorneys for Defendants Northern Dutchess
Landscaping Inc. and James Meddaugh*

Dated:    May 12, 2008
          White Plains, New York

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JACKSON LEWIS LLP
    One North Broadway, 15th Floor
    White Plains, New York 10601
    (914) 328-0404
    Jonathan M. Kozak (JK 9619)
*Attorneys for Defendants Northern Dutchess*
*Landscaping Inc. and James Meddaugh*

---------------------------------------------------------x

JOSÉ L. SALMERÓN-DE JESÚS AND
FRANCISCO J. MEDINA-SUÁREZ,

                    Plaintiffs,

          -against-                                    Case No. 08 Civ. 2168 (KMK)

NORTHERN DUTCHESS LANDSCAPING
INC., JAMES MEDDAUGH, AND
INTERNATIONAL LABOR
MANAGEMENT CORPORATION, INC.,

                  Defendants.

---------------------------------------------------------x

## CERTIFICATE OF SERVICE

    I, hereby certify that a true and correct copy of Defendants Northern Dutchess

Landscaping Inc.'s and James Meddaugh's Answer to Plaintiffs' Complaint was served via

Federal Express, overnight mail, on May 12, 2008 upon:

                Patricia C. Kakalec, Esq.
                Lara Kasper-Buckareff, Esq.
                101 Hurley Street, Suite 5
                Kingston, New York 12401
                *Attorneys for Plaintiffs*

                                  Jonathan M. Kozak